**Lillie T. CARQUEVILLE, Plaintiff-Appellant,**

**v.**

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 12464.**

United States Court of Appeals Seventh Circuit.

Feb. 19, 1959.

Richard A. Walsh, Chicago, Ill., McCracken & Walsh, Chicago, Ill., of counsel, for appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

Plaintiff, as surviving widow of William L. Carqueville, filed an application for benefits under the Social Security Act, 42 U.S.C.A. § 301 et seq. This application was disallowed on September 6, 1956 by the Bureau of Old Age and Survivors Insurance, and plaintiff thereafter requested a hearing before a Referee. Such hearing was held on February 19 and March 27, 1957. Plaintiff was represented by counsel. The Referee recommended that the claim be disallowed. The Departmental Appeals Council declined plaintiff's request for a review on July 31, 1957, and such action became the final action of the Secretary. This proceeding was brought in the District Court to reverse the Secretary's decision. Both sides moved for summary judgment. The trial court granted defendant's motion. This appeal followed.

■ William C. Carqueville was a commercial artist. He reached the age of 65 years on June 16, 1935. He died on August 14, 1946. For five or six years prior to 1939 he had prepared advertising art work for display on billboards of the General Outdoor Advertising Company (hereinafter called "General Outdoor"). He originated his own ideas; he did his work at home and was paid two, three or four hundred dollars for each drawing submitted to and accepted by General Outdoor. During this period he earned from $125 to $175 a week.

In 1939 Carqueville contracted Parkinson's Disease as a result of which he could not continue his art work. In her application for benefits, plaintiff stated that decedent "rendered no services for the company for approximately seven years prior to his death." The record does show that occasionally he went down to the offices of General Outdoor and conferred with Mr. Robbins, the then president, with whom he was on very friendly terms. There was also some indication in the record that on some occasions he had discussions with and advised some of the younger artists.

Commencing March 15, 1939, and continuing until decedent's death, General Outdoor paid decedent the sum of $86.90 on the 15th day and on the last day of each month. President Robbins was the person who authorized that such payments be made. Unfortunately, Robbins died before the time of the hearing, and the actual reason for such payments remains somewhat of a mystery. It is clear, however, that General Outdoor claimed as income tax deductions the amounts which were paid to Carqueville.

The payments were shown on the payroll record cards, and were made by payroll checks. From and after January 15, 1943, these payments were subject to deductions of various amounts. On General Outdoor's records they were entered as "Deductions—Un. Ins." However, the record cards showed no entries in columns headed "Positions", "Time Worked" or "Deductions—O A B." Throughout this period, decedent had no Social Security account number and no posting of wages earned by decedent were contained in the records of the Social Security Administration. There is no showing that Carqueville ever applied for a Social Security account number.

On this appeal, plaintiff contends that William L. Carqueville was an employee of General Outdoor from March 15, 1939 to August 12, 1946, and that the payments made to him during that period by General Outdoor constituted "wages" within the meaning of Sec. 209, Social Security Act. Plaintiff also points out certain errors made by the Referee such as his statement that all the entries that appeared on the payroll card records were the same. The fact is that there were some differences.

The plaintiff had the burden of proof before the Referee to establish that the required conditions for eligibility had been met. She also had to overcome the effect of the absence of any entry of wages earned by the decedent in the record of the Social Security Administration. Sec. 205(c)(3) of the Act, 42 U.S.C.A. § 405(c)(3), makes such records competent evidence on the question of whether wages were paid. Where a period of more than three years, three months and fifteen days have elapsed subsequent to the year in which the wages were allegedly paid, as in the case at bar, the absence of any entry in the records of the Social Security Administration is presumptive evidence that no wages were in fact paid. 42 U.S.C.A. § 405(c)(4)(b).

The jurisdiction of the District Court was exercised by authority of Sec. 205(g) of the Social Security Act as amended. 42 U.S.C.A. § 405(g). This section provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *" Therefore, the function of the District Court was to review the record to determine whether it contained substantial evidence to support the administrative decision. Neither we nor the District Court have the right to make our own appraisal of the evidence. Rosewall v. Folsom, 7 Cir., 239 F.2d 724, 728.

The finality accorded by Sec. 205(g) of the Act to the administrative findings extends as well to the inferences from the evidence made by the Secretary if a substantial basis for them appears in the record. Rosewall v. Folsom, 7 Cir., 239 F.2d 724, 728; United States v. LaLone, 9 Cir., 152 F.2d 43, 44.

We conclude that the record which was before the District Court did contain substantial evidence to support the Referee's findings. The plaintiff failed to sustain the burden of proof which was upon her. It follows the District Court was correct in entering judgment affirming the final decision of the Referee.

Affirmed.