## Joe WARD

v.

## Abraham A. RIBICOFF, Secretary of Health, Education and Welfare.

### Civ. A. No. 1409.

United States District Court
E. D. Tennessee,
Northeastern Division.

Aug. 22, 1961.

———◆———

James N. Hardin, Greeneville, Tenn., for plaintiff.

John A. Ayres, Jr., Asst. U. S. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

The sole issue in this case is whether there is substantial evidence to support the decision of the Secretary of Health, Education and Welfare that plaintiff, Joe Ward, failed to show that he is entitled to a period of disability under Section 216(i) of the Social Security Act, (42 U.S.C.A. § 416(i)), or to disability insurance under Section 223 of the Act, (42 U.S.C.A. § 423).

Section 216(i) is the so-called "disability freeze" provision which contemplates the elimination of the claimant's record of periods during which he was under a "disability" for the purpose of determining the amount of his average monthly wage upon which the amount of his benefits is determined at some future date.

Section 223 contains provisions relating to the payment of insurance monthly benefits to the claimant under disability who has reached the age of fifty. The age requirement of fifty was removed by the amendments to the Social Security Act of 1960. The amendments are not pertinent to the issues in this case.

There is no question but what plaintiff met the special insured status as provided for in Section 216(i) (3) of the Act. This section provides in substance that the claimant must have had continuous disability for a period of not less than six months at the time of the filing of his application when he had 6 quarters of coverage (as defined in Section 213 of the Act, 42 U.S.C.A. § 413) in the 13-quarter period, and 20 quarters of coverage in the 40-quarter period.

It is conceded by the Government that plaintiff met the quarters of coverage requirement in the quarter ending June 30, 1953.

Plaintiff filed an application for a period of disability on June 13, 1955 and applications for disability insurance benefits on July 8 and August 5, 1957. In order for him to be eligible for these benefits he must have been under continuous disability beginning not later than June 30, 1953, and continuing up to and including the date of the filing of his application for benefits (Section 223 (c) of the Act, 42 U.S.C.A. § 423(c)).

The Government contends that plaintiff has failed to show that he was suffering from an impairment of sufficient severity to render him unable to engage in any gainful occupation from June 30, 1953 until the present time.

Plaintiff contends that he became unable to work on February 14, 1952 on account of heart trouble and arteriosclerosis and that such disability has continued until the present time.

The Referee found that the evidence failed to establish that plaintiff suffered with impairments of such severity to entitle him to disability benefits or to establish a period of disability in a decision filed on June 20, 1959. The Referee in his findings and conclusions carefully reviewed the evidence in the record.

At the request of plaintiff, the Appeals Council reviewed the findings and conclusions of the Referee and affirmed his decision by order dated September 28, 1959. This Court was requested by plaintiff to review and reverse the decision of the Appeals Council. After a transcript of the record was filed, this Court, upon motion of the Secretary, remanded the case for further administrative action by the Secretary of Health, Education and Welfare. The Appeals Council then vacated the order denying plaintiff's request for review.

Upon remand, the Appeal Council received additional evidence and hospital records that were not before the Referee. The Appeals Council filed its decision on December 29, 1960 affirming the decision of the Referee. The Appeals Council found that plaintiff "has not been prevented from engaging in any substantial gainful activity by reason of a medically determinable impairment or impairments which could be expected to result in death or to be of long-continued and indefinite duration, either at the time that he filed application on August 5, 1957, or at any time prior thereto."

It is the opinion of this Court that there is substantial evidence to support the decision of the Appeals Council.

Plaintiff worked as a laborer and carpenter for the Tennessee Eastman Company from 1941 until 1952. While working for that company on February 27, 1951, he complained of severe pain in his chest and became hysterical. He was admitted to the hospital when the examining physician detected a sweetish odor on his breath and ordered a blood alcohol test made which was "195 mg%." He stated that he had been a heavy drinker in the past, but denied that he had taken any alcohol for the past six months. An electrocardiogram disclosed that his heart was normal. He was discharged at his own insistence before other studies were undertaken. The final diagnosis was angina pectoris. Following the discharge there was a recurrence of the symptoms. His heart fluttered with some discomfort and he was very anxious about his condition. He re-entered the hospital on March 9, 1951 and remained until March 13, 1951. Another electrocardiogram showed that his heart was normal. Gastrointestinal tests were made which were negative. Again he was discharged with the diagnosis of angina pectoris. Dr. J. S. Powers was his physician.

Plaintiff entered the Takoma Hospital and Sanitarium for study on November 5, 1951 and remained there until November 11, 1951. His complaints were fluttering of the heart and shortness of the breath. There was a marked degree of arteriosclerosis. The expansion of his chest was limited, but no other abnormality was found in his chest. The diagnosis was rapid heart beat. Dr. R. B. Wood of Knoxville made an electrocardiograph study of him during this hospitalization and found that his heart was normal. Dr. Powers diagnosed his condition as of March 21, 1951 as angina pectoris.

Dr. Coolidge was plaintiff's family physician for many years. He first examined him in November, 1951 when he was hospitalized. He has continued to attend him since that time. Dr. Coolidge pronounced him permanently and totally disabled because of a heart disease caused by arteriosclerosis. The electrocardio-graph to which Dr. Coolidge referred showed no definite changes in the heart.

Dr. Eversole first examined plaintiff either January 8, 1951 or January 8, 1952, the latter date probably being the correct one as he made his report of such examination on January 12, 1952. He called attention to the fact that the hospital records indicated that the plaintiff was a frequent user of alcohol. Chest X-rays and electrocardiogram showed that his heart was normal. He noted plaintiff's condition had been diagnosed as angina pectoris on two previous occasions when he entered hospitals and stated that this diagnosis would be difficult to refute without a long period of study and observation.

Dr. McLeod examined plaintiff on December 31, 1957 for the Tennessee Department of Public Welfare. He was unable to find any definite evidence of organic heart disease. He felt that he had definite periods of rapid breathing which accounted for his fainting spells.

Dr. Hall, a specialist in internal medicine, in Johnson City, examined plaintiff on January 10, 1958 at the instance of the Government. He concluded that if plaintiff had the proper motivation for work that he could see no organic reason why he could not engage in some form of gainful employment. He stated that "laboratory studies reveal the urinalysis and blood serology to be negative and electrocardiogram is within normal limits."

Dr. Hawkins examined plaintiff several times and submitted several reports in all of which he expressed the view that plaintiff was permanently and totally disabled because of a heart condition, but he offered no objective evidence to support his opinion.

█ Except for plaintiff's blackout spells, he appears to be in reasonably good health considering his age. There is evidence in the record to indicate that his blackout spells may be attributed to use of alcohol. This Court is of the opinion and finds that there is substantial evidence in the record, particularly that of

18

Drs. Hall and Wood, to support the decision of the Appeals Council that plaintiff has failed to show that he is unable to engage in any substantial gainful occupation due to any physical or mental impairment. Or, to put it in another way, plaintiff has failed to show that he is disabled within the meaning of the Social Security Act.

 The findings of the Council are binding upon this Court if supported by substantial evidence. See Hobby v. Hodges, 10 Cir., 215 F.2d 754; Carqueville v. Flemming, 7 Cir., 263 F.2d 875.

Present order in conformity with the views herein expressed.