Antonio VALURI, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 61-C-650.

United States District Court
E. D. New York.

Oct. 29, 1962.

Harry T. Sherman, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, for defendant. Peter H. Ruvolo, Brooklyn, N. Y., of counsel.

MISHLER, District Judge.

Plaintiff instituted an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for a judicial review of the decision of the Bureau of Old Age and Survivor's Insurance and Appeals Council disallowing and denying plaintiff's claim.

Plaintiff is the father of Mathew Valuri, the Wage Earner who died August 13, 1959. Paragraph "Ninth" of the claim states that the only issue in dispute is "whether the plaintiff was, at the time of the Wage Earner's death, receiving at least one-half of his support from the Wage Earner". The Hearing Examiner's decision (Trans. p. 5) contains the statement "that the claimant has failed to establish that he was receiving at least one-half of his support from the wage earner at the time of the latter's death. All other factors of entitlement have been found."

The only question for the Court is whether substantial evidence supported the finding that plaintiff failed to establish that at least one-half of his support was supplied by the decedent.

The record shows that for one year prior to the date of death of the Wage Earner, plaintiff resided in an apartment with his wife, an invalid daughter, the Wage Earner, and another son, Joseph.

Joseph reported gross income of $11,757.73 for the year 1958 (Trans. p. 150), and $9,680.86 for the year 1959. Income tax returns were not submitted for the Wage Earner; other proof was offered to show that his income for the fiscal year ending August 1959, was $6,218.42, consisting of $3,530.42 salary, and veteran's pension of $2,484.00. Plaintiff argues that for the fiscal year ending August 1959, Joseph's salary was only $7,583.33. The respective salaries are important in that, they in some measure indicate the source of plaintiff's support. The incomes of both Joseph and the Wage Earner were pooled and the entire family supported out of the funds. Plaintiff (claimant) attempted to show that the Wage Earner's dollars contributed directly to his support. Contradictory proof was offered as to the amount of household expenses and the source of payment. Proof concerning the right to rentals of the other two apartments in the building occupied by plaintiff's family, and the application of the funds to the plaintiff's or his family's needs are not clear.

Substantial evidence supports the conclusion of the Hearing Examiner, that claimant (plaintiff) has not established that the Wage Earner contributed at least one-half of claimant's support during the requisite statutory period. The Court is constrained, by statutory edict, to confirm his findings.

Motion for summary judgment granted. Settle order on two days notice.