Fletcher H. NICHOLS, Appellant,

v.

John W. GARDNER, Secretary of the United States Department of Health, Education and Welfare, Social Security Administration, Washington, D. C., Appellee.

No. 18173.

United States Court of Appeals Eighth Circuit.

June 9, 1966.

Russell Jordan, Des Moines, Iowa, Paul G. James, Des Moines, Iowa, on the brief, for appellant.

Lawrence R. Schneider, Attorney, Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Washington, D. C., Alan S. Rosenthal, Attorney, Dept. of Justice, Washington, D. C., and Donald M. Statton, U. S. Atty., Des Moines, Iowa, on the brief, for appellee.

Before JOHNSEN and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

YOUNG, District Judge.

This action was instituted by Fletcher H. Nichols pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g), for judicial review of the Secretary's final decision disallowing his claim for a period of disability as defined by § 216(i), and for disability insurance benefits under § 223, 42 U.S.C.A. §§ 416 (i) and 423. The Secretary's decision was reviewed by the district court and affirmed. That court found that there were no medical facts in the record to support the Hearing Examiner's conclusion that claimant's condition was remediable, but held that the evidence was sufficient to support the Secretary's ultimate finding that claimant was not disabled as that term is defined in the Act.

The claimant filed his application for disability benefits on November 2, 1962. It revealed that he was then 59 years of age and that he had been a self-employed truck driver. He claimed that due to an accident that occurred November 22, 1961, he was unable to continue in his occupation of truck driver because of his "hip and left leg (compound fracture didn't heal)." He claimed that his disability began on that date.

His application was denied by the Bureau of Old Age and Survivors Insurance, and thereafter in accordance with the provisions of the Act, a hearing was held on January 8, 1964 before a Hearing Examiner. The Examiner's decision was in accord with that of the Bureau on the basis that Nichols had not established his inability to engage in substantial gainful employment by reason of a medically determinable impairment. The Appeals Council denied claimant's request for a review, and the Examiner's decision became the final determination of the Secretary.

Thereafter, pursuant to 42 U.S.C. § 405(g) claimant instituted his civil action in the United States District Court, Southern District of Iowa, seeking a review of the Hearing Examiner's decision. That court affirmed the decision of the Secretary, and the case is now here on the claimant's appeal.

This court has carefully set out the legal standards applicable to appeals of this kind in Celebrezze v. Bolas, 316 F.2d 498, 500–501 (8th Cir. 1963). These standards were recognized in our more recent case of Celebrezze v. Sutton, 338 F.2d 417 (8th Cir. 1964), and they were summarized in the case of Brasher v. Celebrezze, 340 F.2d 413 (8th Cir. 1965), at page 414, as follows:

"* * * (a) the claimant has the burden of establishing his claim; (b) the Act is remedial and is to be construed liberally; (c) The Secretary's findings and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence; (d) substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (e) it must be based on the record as a whole; (f) the determination of the presence of substantial evidence is to be made on a case-to-case basis; (g) where the evidence is conflicting it is for the Appeals Council on behalf of the Secretary to resolve those conflicts; (h) the statutory definition of disability imposes the three-fold requirement (1) that

there be a medically determinable physical or mental impairment which can be expected to be of long-continued and indefinite duration, (2) that there be an inability to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment; (i) such substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training, and experience; (j) the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on what is conceivable; and (k) it is not the duty or the burden of the Secretary to find a specific employer and job for the claimant but, instead, some effort and some ingenuity within the range of the claimant's capacity remains for him to exercise."

We now apply these standards to the facts of this case.

The claimant is a citizen of Iowa and has been a resident of Des Moines for the last twenty-one years. He graduated from high school in Corning, Iowa, in 1922 and began driving a truck for his father shortly thereafter. Eight years later he became a partner in his father's trucking business which was continued until 1941, when claimant moved to Des Moines and began to work for the Des Moines Ordnance Plant. Claimant was placed in charge of several receiving clerks tallying in merchandise and material that arrived at the plant. Later he became general foreman of raw material stores, in charge of the actual warehousing of the component parts for ammunition. Upon leaving this employment in 1946, claimant worked for about five months for a storm sash company installing storm sashes. He then bought a truck and went back to the business of construction hauling which consisted mainly of transporting bridge steel for contractors. Claimant continued in this occupation until he was injured in 1961.

In 1958 claimant cracked a vertebra in his back when he fell from his truck while unloading steel. His doctor, Dr.

Douglas N. Gibson, advised him to wear a rigid girdle with steel stays. He was able to return to work after three or four months, although he had not completely recovered.

On November 22, 1961, claimant was assisting in unloading a truckload of steel when he was struck by a crane, falling on a piece of steel and breaking his left leg below the knee. He was again treated by Dr. Gibson who hospitalized him. The leg was placed in a cast, but the bone did not knit properly, necessitating a bone graft operation in 1962. About six months later Nichols applied for disability benefits.

Claimant testified that he rises between eight and nine o'clock each morning; that the first thing he does is put on his girdle; that he is able to "scratch" around in his yard with a hoe; that in the summer months he is able to cut his grass "in about four hitches" with an "easy running lawnmower"; that he does about fifty percent of the grocery shopping, but he drives his car to the store and never carries any sacks of groceries weighing over ten pounds. He testified further that he is able to walk only about three or four blocks but can drive his car because it has automatic transmission. Claimant's principal complaint is pain in his back, hips and left knee. Prior to October 1963, claimant relied on Anacin, Bufferin and aspirin for relief.

There are a number of medical reports in the record. Dr. Gibson submitted two reports, dated November 6, 1962, and June 14, 1963. The first of these reports states that claimant had a compound fracture of his left tibia, that a bone graft was performed, and that he expected the claimant to be able to work again in six to twelve months. Dr. Gibson's second report states that claimant lacked a few degrees of extension of left knee but that he had union of the fracture. In a letter attached to this report, Dr. Gibson stated:

"At that time I suggested that he make more of an effort to try to perform the duties which are required of him

in his business which is the moving of heavy equipment."

Dr. Donald W. Blair, an orthopedic surgeon, saw the claimant on March 25, 1963, and in his report stated that claimant had a

"Healed fracture of the left tibia and fibula

Healed compression fracture of L-1 vertebra, old.

Scoliosis, lumbar region of the spine.

Osteoarthritis of the spine."

Dr. Marvin H. Dubansky, an orthopedist, examined claimant on July 30, 1963, at the request of the Iowa Vocational Rehabilitation Division. Dr. Dubansky found that claimant had about fifty percent limitation of back motion and the left tibia was ½ inch shorter than the right. He found further that there was full, equal hip and knee motion with slight crepitus in moving the right knee. There was tenderness in the lumbo-sacral area of the spine. X-rays revealed only some early degenerative changes in the left knee. The hips and pelvis appeared normal. Dr. Dubansky stated that claimant had complained of pain in his hips, back and left knee.

Another report was submitted by Dr. Reginald R. Cooper, an orthopedic surgeon, dated September 17, 1963. The findings of Dr. Cooper were substantially in accord with those of Dr. Dubansky, however, he recommended a course of Butazolidin for relief of claimant's discomfort.

After the hearing, as of January 10, 1964, the Examiner received a report from Dr. Mark D. Ravreby, an internal medicine specialist, in which it was stated that a short course in Butazolidin therapy had relieved claimant's symptomatology.

After the adverse decision of the Hearing Examiner, claimant filed with the Appeals Council two additional medical reports—one by a Dr. Wirtz, and the other by Dr. Cooper, who had submitted an earlier report. Dr. Wirtz stated that a spinal fusion would not be recommended but other than this statement there were no new medical facts in either report. However, both doctors concluded that claimant was disabled and unable to engage in any substantial gainful employment.

The only issue before the district court and the only one for our consideration here is whether there is substantial evidence to support the Secretary's finding that claimant is not disabled to such an extent that he is incapable of engaging in any and all substantial gainful activity.

This court said in Celebrezze v. Bolas, supra, p. 501 of 316 F.2d:

" 'Substantial gainful activity' has been described:

" 'The activity in which a disabled claimant can be found to be able to engage must be both substantial and gainful and within his capacity and capability, realistically judged by his education, training and experience.' Ribicoff v. Hughes, 8 Cir., 1961, 295 F.2d 833, 837.

" 'Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.' Kerner v. Fleming, supra [2 Cir.] p. 921 of 283 F.2d."

Furthermore, in our more recent decision in Celebrezze v. Sutton, supra, p. 422 of 338 F.2d, this court cited the Fifth Circuit case of Celebrezze v. O'Brient, 323 F.2d 989, 992 (5th Cir. 1963), where that court said:

" ' * * * For the Secretary, 'What jobs are there' means, within the context of the Act, what kinds of work can the claimant perform, not what jobs are there available for him in Kosciusco, Mississippi. * * * ' "

In making his findings, the Hearing Examiner had the claimant's records, both medical and personal, before him. Having this information, he was in a position

to judge, in his professional capacity, the education, training, capacity, capabilities, as well as the physical condition of the claimant. The Hearing Examiner stated that the claimant was:

" * * * not a man who has spent his life digging coal or doing hard arduous labor with no training or education of any kind. He ran his own business for years, apparently successfully. Also, during the war from 1941 through 1946, he held responsible jobs with the government which were desk jobs as shown by the record."

The Hearing Examiner found that the claimant, in light of his education and experience, could do many jobs which require light physical labor or jobs which are sedentary. He mentioned several jobs taken from the "Dictionary of Occupational Titles," a Department of Labor publication, as examples of the type which the claimant could perform. They included such jobs as a traffic manager for a trucking company, a telephone switchboard operator, and a dispatcher for a cab company.

It is true there is a difference of opinion among the medical experts concerning the extent of claimant's disability, but we agree with District Judge Stephenson that there is substantial basis in the evidence for the Secretary's decision that the plaintiff failed to establish that he is unable to engage in any substantial gainful activity. As Judge Stephenson said:

"Had this case been tried to a jury, Nichols would not have been entitled to a directed verdict and the jury verdict either way would have been conclusive. By the same token, in the present case the Secretary resolved the difference against the plaintiff [Nichols] and this court may not substitute its judgment for that of the Secretary. If the Secretary's decision is wrong, it is an error of fact that is not subject to correction by this court."

However, the appellee, in his brief, has brought to our attention that the claimant may be able to qualify under the 1965 amendments to the Social Security Act (Pub.L. 89–97), 79 Stat. 286, and has suggested that should this Court affirm the Secretary's findings, we should remand the case to the Secretary for further proceedings. In accordance with that suggestion, this case will be remanded to the Secretary for consideration of claimant's application in the light of the recent amendments to the disability provisions of the Act.

The judgment of the district court is affirmed, but that court is directed to remand the cause to the Secretary for further proceedings as indicated in this opinion.