Frances **COLLINS**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE**, Defendant.

**Civ. A. No. 1063.**

United States District Court
W. D. Arkansas,
Texarkana Division.

July 5, 1968.

Harkness, Friedman & Kusin, by Sherman A. Kusin, Texarkana, Tex., for plaintiff.

Charles M. Conway, U. S. Atty., by Robert E. Johnson, Asst. U. S. Atty., for defendant.

## OPINION

WILLIAMS, District Judge.

This is an action to review a final decision of the Secretary of Health, Education and Welfare, denying parent's insurance benefits for the reason that plaintiff did not establish that she was receiving at least one-half of her support from the deceased wage earner as required by Section 202(h) (1) of the Act, 2 U.S.C. § 402(h) (1).

The Court has jurisdiction under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) which provides:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, * * *"

The defendant has filed a motion for a summary judgment pursuant to Rule 56(b) of the Fed.R.Civ.P. together with a brief in support thereof, and the plaintiff has filed a response but no brief.

On January 13, 1958 plaintiff filed an application for lump-sum death payment (Tr. 37–40), and on June 18, 1958 filed a supplemental application for such lump-sum death payment (Tr. 42–45) based on the wage record of her son, Willie Lee Collins, who died January 1, 1958. On July 12, 1966 she filed a certificate of support, stating that Willie Lee Collins, her son, was contributing at least one-half of her support at the time of his death on January 1, 1958, (Tr. 48–51). The Social Security Administration found that she was not receiving one-half of her support from the deceased wage-earner at the time of his death and the plaintiff requested a reconsideration which was granted and the result was the same (Tr. 52, 53, 54). A copy of the reconsideration opinion was forwarded to the plaintiff and she requested a hearing which was held in Texarkana, Arkansas, on June 9, 1967 (Tr. 25–34). After an adverse decision by the hearing examiner (Tr. 14–19) the plaintiff requested a review of the hearing examiner's action (Tr. 5) and upon review the Appeals Council of the Social Security Administration decided that

the decision was correct (Tr. 1). Therefore, the decision of the hearing examiner became the final decision of the Secretary of Health, Education and Welfare, subject to judicial review. This action was then started.

With respect to the power of the Court the Social Security Act provides:

"* * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *" 42 U.S.C. § 405(g)

The only issue in this case is whether the decision of the hearing examiner is supported by substantial evidence.

The plaintiff appeared before the hearing examiner and testified under oath at the hearing held in Texarkana, Arkansas, on June 9, 1967 (Tr. 28–32). The record reflects that at the time of the hearing she was represented by counsel but apparently she was advised to go ahead and tell her story because the attorney was unable to appear (Tr. 27). The plaintiff was accompanied by her two daughters who testified, but added little to the evidence, except Mrs. Gray did state that the deceased wage-earner, Willie Collins, never married and he carried the plaintiff and one sister as dependents for income tax purposes (Tr. 33). The plaintiff testified that her son, Willie Collins, had worked for Griffin Buick Company and had sent her "from $40 to $50 a week" (Tr. 31). She said he sent her the money every week and that she did not work during this time (Tr. 31). She maintained that she had "gas and nerves" and that she could not work (Tr. 32).

The documentary evidence and copies of reports and statements conflict with the testimony of the plaintiff. Welfare records indicate that she worked in the tomato harvests on at least one occasion (Tr. 81). These records also indicate she had been employed as a maid making about twenty dollars per week until "8/5/60" (Tr. 82). In July 1958, while pursuing a lump sum death benefit claim, she apparently worked in a cafe (Tr. 64). The deceased wage-earner was injured in an accident in about October 1956 (Tr. 73) and an insurance company paid him $135.00 every two weeks while he was in the hospital and after he left the hospital about one-half that amount (Tr. 73).

Willie Collins' earnings record shows lifetime earnings of $7,922.55, the bulk of which were for the period 1954 through 1956 (Tr. 74). His maximum reported earnings for any year were $2,716.00 for 1956 (Tr. 74). Welfare records indicate he owned no property, no rentals, or other assets (Tr. 81).

James Collins, the father of the deceased wage-earner, stated "Frances did wash a little off and on" (Tr. 79).

The Welfare records further revealed that the wage-earner, Willie Collins, began receiving public assistance in September 1957 (Tr. 81–82). Before he began to receive Welfare he apparently received help from the plaintiff (Tr. 81), except apparently when his mother was gone, and "neighbors had been doing laundry and cooking his food. In fact, he said they had been donating most of what he had to eat" (Tr. 81).

Section 202(h) (1) of the Social Security Act provides:

"Every parent (as defined in this subsection) of an individual who died a fully insured individual, if such parent—

"has attained age 62,

"was receiving at least one-half of his support from such individual at the time of such individual's death or, if such individual had a period of disability which did not end prior to the month in which he died, at the time such period began or at the time of such death, and (ii) filed proof of such support within two years after the date of such death, or, if such individual had such a period of disabili-

ty, within two years after the month in which such individual filed application with respect to such period of disability or two years after the date of such death, as the case may be,

"has not married since such individual's death," 42 U.S.C. § 402(h) (1)

The regulations pertaining to Parent's Insurance Benefits wherein "one-half support" is defined are found in Title 20, Chapter III of the Code of Federal Regulations, 20 C.F.R. 404.350:

"404.350 'One-Half Support' Defined.
—
"(a) Applicability.—One of the requirements for entitlement to * * * parent's benefits, * * * is that the person claiming such benefits was receiving at least one-half support from the insured individual at a specified time. * * *

"(b) What Constitutes 'at Least One-Half Support.' A person is receiving at least one-half of his support from the insured individual at a specified time, if such individual, for a reasonable period before the specified time made regular contributions, in cash or kind, to such person's support and the amount of such contributions equalled or exceeded one-half of such person's support during such period.

"(c) 'Support' Defined.—The Term 'support' includes food, shelter, clothing, ordinary medical expenses, and other ordinary and customary items for maintenance of the person supported.

"(d) 'Contributions' Defined.—'Contributions,' as used in this section, means contributions actually provided by the contributor * * *

"(e) 'Reasonable Period' Defined.— (1) Ordinarily, a period of 12 months (except where there is a change in the support situation in such period) ending with the specified time is a reasonable period for purposes of determining whether the one-half support requirement is met at the specified time.

* * * * * *

"(3) Where untoward circumstances (such as illness or unemployment) forced the insured individual to stop contributing, or to reduce his contributions, the reasonable period is determined by excluding the period effected by such untoward circumstances provided:

* * * * * *

"(ii) No one else (including such person) assumed the burden of providing at least one-half of such person's support on a continuing and permanent basis after the insured stopped or reduced his contributions (the initial receipt, or increase, of public assistance or other relief is not considered such an assumption of support)."

■ The review by the Court of the decision of the Secretary is not a trial de novo, Hobby v. Hodges, 10 Cir.1954, 215 F.2d 754. The Court does not weigh the evidence for the purpose of determining whether, in its opinion, the claim for benefits should have been granted. Carqueville v. Flemming, 7 Cir.1959, 263 F.2d 875; Snyder v. Ribicoff, 4 Cir. 1962, 307 F.2d 518. The Court is limited by the succinct provisions of the Social Security Act that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * * 42 U.S.C. § 405(g).

■ The finality afforded administrative findings extends to reasonable inferences from the evidence if a substantial basis for them appears in the record, Carqueville v. Flemming, supra; Foss v. Gardner, 8 Cir.1966, 363 F.2d 25, citing Nichols v. Gardner, 8 Cir.1966, 361 F.2d 963; Cody v. Ribicoff, 8 Cir. 1961, 289 F.2d 394, 88 A.L.R.2d 970; Easttam v. Secretary of Health, Education and Welfare, 8 Cir.1966, 364 F.2d 509; United States v. LaLone, 9 Cir. 1945, 152 F.2d 43.

■ The burden of proof in Social Security cases is on the one seeking the benefit of the statute, Carqueville v. Flemming, supra; Brasher v. Celebrezze, 8 Cir.1965, 340 F.2d 413; Celebrezze v.

OBrient, 5 Cir.1963, 323 F.2d 989; Jones v. Celebrezze, 7 Cir.1964, 331 F.2d 226; Sandusky v. Celebrezze, W.D. Ark., 210 F.Supp. 219. Specifically, applicants for parent's insurance benefits have the burden of proving that they meet the one-half support provision of the Act; Valuri v. Ribicoff, E.D.N.Y. 1962, 211 F.Supp. 375; Wyatt v. Ribicoff, W.D.La.1962, 211 F.Supp. 928, wherein the Court states at page 929:

> "In reviewing the record, as we carefully have done, we also must bear in mind that the plaintiffs bore the burden of proving by substantial and creditable evidence, that they received contributions from their son amounting to at least one-half of their entire support."

■ Where there are conflicts in the evidence or in reasonable inferences to be drawn therefrom it is for the Secretary and not the Courts to resolve them, Celebrezze v. Sutton, 8 Cir.1964, 338 F. 2d 417; Snyder v. Ribicoff, supra.

■ Determinations as to the credibility to be given to the testimony of witnesses and the weight to be given to evidence are for the Secretary, Foss v. Gardner, 8 Cir.1966, 363 F.2d 25; Easttam v. Secretary of Health, Education and Welfare, 364 F.2d 509, at page 513, wherein the Court states:

> "We have said very recently 'Credibility determinations rest with the Secretary and the finality of his findings also extends to reasonable inferences which may be drawn from the evidence.'"

Also, see Celebrezze v. Zimmerman, 5 Cir.1964, 339 F.2d 496, Sabbagha v. Celebrezze, 4 Cir.1965, 345 F.2d 509, wherein the Court states:

> "Uncontradicted testimony need not be accepted by the trier of facts as true, where there is something in the evidence or in the tale, itself, which furnishes a basis for discrediting it because of its inherent improbabilities." Citing Thurston v. Hobby, W. D.Mo.1955, 133 F.Supp. 205, 210.

In Foss v. Gardner, supra, the Court of Appeals, 8th Cir., stated at page 27 of 363 F.2d:

> "The fact finder of course is not compelled to believe the testimony of an interested witness, even if not squarely contradicted."

Cases where plaintiffs did not establish that they were receiving one-half of their support from a wage-earner are as follows: Baetich v. Hobby, 2 Cir.1954, 212 F.2d 480, cert. den. 348 U.S. 831, 75 S.Ct. 54, 99 L.Ed. 656; Clark v. Celebrezze, 1 Cir.1965, 344 F.2d 479; Valuri v. Ribicoff, supra; Wyatt v. Ribicoff, supra.

■ From this analysis of all pertinent provisions of the Social Security Act and the decisions interpreting the Act and a review of the evidence contained in the record submitted in this cause, it clearly appears that there is substantial evidence to support the conclusion of the Secretary denying the application for parent's benefits. There is positive evidence in the record disputing the testimony of the plaintiff that she was receiving one-half of her support from her son, and there is other evidence from which a reasonable inference might be drawn that her son did not contribute one-half of her support. Moreover, except for the testimony of plaintiff, there is no other evidence that her son was supporting her to any extent; and it was the province of the hearing examiner to credit or discredit her testimony; and his conclusion that she had not satisfied the burden of proof upon her to establish her claim must be affirmed in the light of the record and of the rules enunciated by the Act and by the decisions defining the powers and duties of this Court upon review as distinguished from the functions of the administrative officers.

The decision of the Secretary is affirmed, the motion of the defendant for summary judgment is granted and the complaint is dismissed.