342 F.Supp. 968 (1972)
Irvin R. WATERMON, Plaintiff,
v.
SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.
No. 71 C 432(4).
United States District Court, E. D. Missouri, E. D.
March 13, 1972.
*969 Allan D. Jerger, Librach & Heller, St. Louis, Mo., for plaintiff.
Daniel Bartlett, Jr., U. S. Atty., Robert E. Grote, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court on defendant's motion for summary judgment. This is a proceeding under the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary of Health, Education and Welfare.
Plaintiff Irvin R. Watermon became entitled to old-age insurance benefits (also referred to as "retirement insurance benefits"), as provided in § 402(a), effective June 16, 1966. On April 3, 1970, plaintiff filed an application for child's insurance benefits, as provided in § 402(d), on behalf of his adopted daughter Cathleen A. Watermon. This application was denied by the Social Security Administration after consideration and reconsideration for the reason that the child could not be deemed dependent on plaintiff since the adoption did not take place before the end of the 24th month following the month for which plaintiff became entitled to old-age insurance benefits, in accordance with § 402(d) (9).
On January 6, 1971, at plaintiff's request, a hearing was held at which he, his wife and his son appeared. On January 12, 1971, the hearing examiner rendered a decision favorable to plaintiff, finding that Cathleen was entitled to child's benefits relying on the doctrine of equitable adoption. . .
Thereafter, the Appeals Council, on its own motion, reviewed the decision of the hearing examiner and found that Cathleen was not entitled to child's insurance benefits. The decision of the Appeals Council stands as the final decision of the Secretary.
Section 405(g) and (h) of Title 42 U. S.C. provide for a limited scope of judicial review. The findings of the Secretary as to a fact are conclusive if supported by substantial evidence upon the record as a whole. Easttam v. Secretary of Health, Education and Welfare, 364 F.2d 509 (8th Cir. 1966); Brasher v. Celebrezze, 340 F.2d 413 (8th Cir. 1965).
Section 416(e) defines the term "child" as "the child or legally adopted child of an individual." Section 416(h) (2) provides in part:
"In determining whether an applicant is the child or parent of a[n] * * * individual * * *, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application * * *. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such."
Section 402(d) provides in part:
"(d) (1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child
* * * * * *

*970 (C) was dependent upon such individual
(i) if such individual is living, at the time such application was filed,
(ii) if such individual has died, at the time of such death, or
(iii) if such individual had a period of disability which continued until he became entitled to old-age disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits, shall be entitled to a child's insurance benefit for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits * * *.
* * * * * *
(3) A child shall be deemed dependent upon his father or adopting father or his mother or adopting mother at the time specified in paragraph (1) (C) of this subsection unless, at such time, such individual was not living with or contributing to the support of such child and
(A) such child is neither the legitimate nor adopted child of such individual, or
(B) such child has been adopted by some other individual.
* * * * * *
(9) If an individual entitled to old-age insurance benefits (but not an individual included under paragraph (8) of this subsection) adopts a child after such individual becomes entitled to such benefits, such child shall be deemed not to meet the requirements of clause (i) of paragraph (1) (C) of this subsection unless such child
(A) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or
(B) was legally adopted by such individual before the end of the 24-month period beginning with the month after the month in which such individual became entitled to old-age insurance benefits, but only if
(i) such child had been receiving at least one-half of his support from such individual for the year before such individual filed his application for old-age insurance benefits or, if such individual had a period of disability which continued until he had become entitled to old-age insurance benefits, for the year before such period of disability began, and
(ii) either proceedings for such adoption of the child had been instituted by such individual in or before the month in which the individual filed his application for old-age insurance benefits or such adopted child was living with such individual in such month."
The facts are essentially undisputed. Plaintiff was born June 16, 1901, and applied March 22, 1966, for retirement benefits, effective June 16, 1966. Cathleen A. Watermon was placed in his home May 10, 1963, as a foster child by the St. Louis County Welfare Agency under provisions of Missouri law. Cathleen was born February 14, 1959, the natural child of Robert Vincent Miller, Sr. and Julia Gay Ashlock (who were married). Cathleen's placement in the foster home resulted from her natural parents' abandonment, neglect, or inability to care for her.
About three months after Cathleen was placed in his home, plaintiff and his wife attempted to adopt her. The child's natural father consented in writing to the adoption, but the child's natural mother refused to consent. In 1962 and 1964, hearings were held in the St. Louis County Juvenile Court to terminate the parental rights of Cathleen's natural parents, and by March 28, 1969, the legal rights of Cathleen's parents were terminated. The Watermons instituted formal adoption proceedings and the decree of adoption was entered February 26, 1970.
*971 The Watermons have cared for and loved Cathleen from the date of the initial placement in 1963. They attached an extra bedroom to their house for her and furnished it. They have provided her with food, clothing and paid her medical bills. The welfare agency paid the plaintiff $45.00 per month to assist in Cathleen's support.
Mr. and Mrs. Watermon have two natural children and one adopted son, in addition to Cathleen. Only Cathleen and a son Robert are presently living in the household.
During a period of over thirty years, the Watermons have taken into their home approximately 25 to 30 children as foster children and have reared them, providing love, food, shelter, education, medical attention and a home.
There is no dispute that the adoption decree was not entered within the 24-month period beginning with the month after the month the wage earner became entitled to old-age benefits as required by § 402(d) (9). That period ended in July, 1968, approximately 18 months before the date the adoption decree was entered. Under the authority of Craig v. Finch, 425 F.2d 1005 (5th Cir. 1970) child benefits were denied.
The Craig case properly distinguishes between the statutory requirements concerning the adoption as it relates to the definition of "child" under § 416(h) (2) and as it relates to the definition of "dependent" under § 402(d).
In the present case, the Secretary challenges both the "child" status and the "dependent" status of Cathleen Watermon. Cathleen is a "child" for purposes of the Social Security Act, if under Missouri law, intestate personal property of Mr. Watermon would devolve upon her. 42 U.S.C. § 416(h) (2) (A). The hearing examiner found that Cathleen was equitably adopted, and under Missouri law, entitled to inherit from the Watermons. See Long v. Willey, 391 S.W.2d 301 (Mo.1965). The hearing examiner concluded that Cathleen is plaintiff's "child" under § 416(h) (2).
The Court has examined the authority presented by the Secretary and the findings of the hearing examiner. The Court is convinced that under Missouri law Cathleen was equitably adopted by the Watermons on May 10, 1963, and that for purposes of § 416(h) (2), Cathleen is the "child" of plaintiff.
Cathleen was taken into the Watermon's home as their own child. Cathleen and the Watermons assumed and performed all the duties and burdens of a parent-child relationship from May, 1963, some three years prior to Mr. Watermon's entitlement to retirement insurance benefits. The relationship continues to exist and has, fortunately, culminated in the formal legal adoption of Cathleen. The evidence, as a whole, meets even the strictest standards of proof of equitable adoption.
As the court stated in the Craig case, for puposes of determining whether a child is a "dependent" under § 402(d) (9) (B), a child must be "legally adopted": "`Legally adopted' in the dependency requirements of § 402(d) (9) (B) encompasses only formal, statutorily-authorized proceedings." In that case, however, the child was equitably adopted after the wage earner became entitled to old-age benefits. The subsequent legal adoption occurred after the 24-month period prescribed by § 402(d) (9) (B), and child benefits were denied.
In the present case, at the time the wage earner originally filed for old age benefits, Cathleen was the (equitably) adopted child of the wage earner. Thus, § 402(d) (9) (B) is inapplicable. Rather, § 402(d) (3) applies and makes Cathleen a "dependent". In the Craig case, supra, 425 F.2d at p. 1007, the court stated:
". . . If, at the time the wage earner originally filed for old age benefits, a child is the natural born or adopted child of the wage earner, the child is deemed a `dependent' under § 402(d) *972 (3). There is no requirement under § 402(d) (3) of a `legal' adoption. The Secretary concedes that by virtue of § 402(d) (3) an equitable adoption (at least if recognized under state law) would suffice to make a child a `dependent' if the equitable adoption occurred before the wage earner filed application for old-age benefits. Thus, if Michael had been equitably adopted by Mrs. Craig before December, 1961, when she applied for benefits for herself, he would be a `dependent' and entitled to his own benefits."
Mr. Watermon applied for old age benefits on March 22, 1966. Cathleen was equitably adopted in May, 1963. Cathleen is plaintiff's "child" under § 416(h) (2) and "dependent" under § 402(d) (3). Section 402(d) (9) (B) requiring legal adoption within the 24-month period is inapplicable. Plaintiff is entitled to child's insurance benefits on behalf of Cathleen A. Watermon, based upon the application therefor filed on April 3, 1970.
Accordingly, the Secretary's motion for summary judgment is denied, the decision of the Secretary is reversed and the Clerk is directed to enter judgment for the plaintiff in accordance with his prayer for relief.