**Frank ALMON, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 24909.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1968.

Paul Johnston, Birmingham, Ala., for appellant.

Macon L. Weaver, U. S. Atty., John R. Thomas, Jr., Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

This is an appeal from a judgment of the district court affirming a decision of the Secretary that the appellant is not entitled to a period of disability nor to disability insurance benefits under Title II [§ 216(i) and § 223] of the Social Security Act.[1]

While this appeal was pending § 158 (b) of the Social Security Amendments of 1967, 81 Stat. 821,[2] amended the disability provisions of the Social Security Act by adding, *inter alia*, the following provision:

(2) For purposes of paragraph (1) (A)—

(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 202(e) or (f)) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regard-

---

1. 42 U.S.C.A. §§ 416(i), 423.

2. Signed by the President on January 2, 1968.

less of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

By section 158(e) (2) (B) of the 1967 Act the amendments were expressly made applicable to cases pending in the courts when "the decision in such civil action has not become final" before January of 1968. This is such a case.

Before the hearing examiner there was testimony of a vocational witness. However, we are unable to tell therefrom whether the appellant is or is not under a disability as defined by the Act, as amended.

The judgment of the district court is vacated and the case is remanded to the Secretary for determination of whether the appellant is under a disability as defined in the Act as now in effect.