Reuben L. WILLIAMSON, Appellant,

v.

John W. GARDNER, Secretary of Health, Education & Welfare, Appellee.

No. 24262.

United States Court of Appeals Fifth Circuit.

May 29, 1968.

Jerry O. Lorant, Birmingham, Ala., for appellant.

Macon L. Weaver, U. S. Atty., John R. Thomas, Jr., Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellant seeks social security benefits under Sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i), 423. In 1963 he was denied relief by both a hearing examiner and the administrative Appeals Council. On February 7, 1964, the district court below remanded the case for a new hearing to determine "just what work the Secretary might feel he is capable of performing, considering the combination of impairments, together with his education and training." Following this mandate, the hearing examiner conducted further proceedings and, in an exhaustive and careful opinion, recommended that the appellant not be granted disability benefits. The opinion concluded in part:

"During the period at issue the claimant was fully qualified by age, education training and work experience to engage in substantial gainful activity in at least the jobs identified by the vocational witness, and such jobs required no more than sedentary or light physical exertion and the claimant was able to meet all the physical demands of such jobs during the pertinent period."

The hearing examiner's opinion was adopted by the Appeals Council and was affirmed by the district court. We affirm.

The hearing examiner based his decision on extensive data, including the testimony of both medical and vocational witnesses. The vocational witness, for example, listed several jobs suitable to the appellant in the service, clerical, and industrial fields, including specifically the following: material clerk or tally man, machine sign writer, warehouse record clerk, telephone sales solicitor, bench type bootblack, checkroom attendant, concession attendant, ticket taker, and taxi radio dispatcher. For each job title the vocational witness gave some job description and related the 1960 Alabama census figures of persons engaged in such activity.

Our review is limited to a determination of whether the denial of benefits is supported by substantial evidence. 42 U.S.C. § 405(g). Moreover, we must consider the facts under the Social Secu-

rity Amendments of 1967, which read in part:

"(2) For purposes of paragraph (1) (A)—

(A) An individual (except a widow, surviving divorced wife, or widower for purposes of section 202(e) or (f)) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

P.L. 90–248, 81 Stat. 821, 90 Cong. 1st Sess., U. S. Code Cong. and Admin. News, pp. 923, 982 (1967) (signed by the President on January 2, 1968).

This provision is applicable to cases pending in courts where "the decision in such civil action has not become final" prior to the effective date of the amendments. P.L. 90–248, § 158(e) (2) (B), U. S. Code Cong. and Admin.News 1967, pp. 923, 984. King v. Gardner, 5 Cir. (en banc) 1968, 391 F.2d 401; Prewitt v. Gardner, 5 Cir. 1968, 389 F.2d 993; Daniel v. Gardner, 5 Cir. 1968, 390 F.2d 32; Almon v. Gardner, 5 Cir. 1968, 390 F.2d 148; Martinez v. Gardner, 5 Cir. 1968, 390 F.2d 874. Whitt v. Gardner, 6 Cir. 1968, 389 F.2d 906, 911.

Our analysis of the record discloses substantial evidence that the appellant was not disabled within the meaning of the 1967 amendments.

Affirmed.