---

Jesse E. Williams, Detroit, Mich., for appellant.

Walter H. Fleischer, Atty., Dept. of Justice, Washington, D. C., for appellee, Carl Eardley, Acting Asst. Atty. Gen., John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief.

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

**Robert C. LEWIS, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 17747.**

United States Court of Appeals
Sixth Circuit.

June 8, 1968.

PER CURIAM.

On May 1, 1961, appellant filed an application with the Secretary for a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423, alleging that he had become disabled in 1951 as a result of a back injury. The Secretary's initial decision denying the application was set aside by the District Court, which remanded the cause for further proceedings. After the taking of addi-

tional evidence at a second hearing before a second examiner, the Secretary found that appellant had the residual capacity to engage in light work which was available in the general area of his residence, and again denied the benefits sought. The District Court sustained this determination and this appeal followed.

Under the Act, disability must have been established on or before June 30, 1956, the date appellant last met the statutory earning requirements, and must have continued without interruption to May 1, 1961, the date appellant filed his application.

In 1951, appellant sustained a back injury when the streetcar in which he was riding jumped the tracks. In May of that year a laminectomy was performed at which time two herniated spinal discs were removed. Appellant has subsequently complained of low back pains, limited range of movement of his back, and tremors of the head and hands, all of which allegedly render him disabled.

Appellant was employed at the Goodwill Industries in Detroit as a furniture refinisher from May, 1957, until March, 1961, when he reinjured his back by taking an "awkward step" in alighting from a bus.

In addition to the testimony of the doctor called as an impartial witness at claimant's hearing, the record contains medical reports from ten physicians who had seen appellant during the period from 1951 through 1965. While this evidence clearly establishes an impairment, the point of contention is, as is not uncommon in cases of this nature, whether the impairment was severe enough to preclude appellant from engaging in substantial gainful activity. Of the doctors who examined appellant prior to the time

he reinjured his back in 1961, four opined that he was capable of returning to light or sedentary work, while only one suggested that he was disabled.[1] It was only after the reinjury that four of the physicians who examined appellant, including two who had previously concluded that he could return to work, considered him disabled. Further, there is no evidence that medication was prescribed for or taken by appellant to relieve his back pain. Appellant had not been hospitalized for his back ailment during the period from the latter part of 1953 to March, 1961, and had seen the nurse at Goodwill Industries on only three occasions for his back problem from 1957 through February, 1961.

Although reference is made in some of the medical reports to the tremors of appellant's head and hands, the condition was not often elaborated upon and there is little to suggest that it contributed in any significant manner to the claimed disability during the relevant period of time.

The non-medical evidence fails to support appellant's assertion of a disabling impairment. As noted earlier, appellant was employed by Goodwill Industries for approximately 3 years and 9 months after his earning requirements were last met. Appellant worked a 40-hour week at this job under conditions which were established as being roughly comparable to those in competitive industries. Goodwill's payroll records disclosed that appellant had been absent from work because of illness a total of 9 days from 1957 to 1959, inclusive.

Appellant testified that he had been very active in church affairs from 1957 to 1961, and had solicited ads from local merchants for the church paper. He also admitted that he had shoveled snow shortly before he was inflicted with a hernia in the spring of 1956.[2]

1. Based upon his examination of appellant in the latter part of 1953, Dr. Bradfield set forth the following prognosis in a letter dated March 18, 1955: "For continued life good—for further *incapacitating* back and right posterior thigh pain—good. * * *" (Emphasis added.)

2. It is not claimed that the hernia, which was successfully operated upon in 1956, contributed to appellant's disability.

438

The vocational counselor who testified at the second hearing listed a number of light sedentary jobs which he felt were commensurate with appellant's education and capabilities and which were available in the Detroit area in 1956 and thereafter. We find no reason to discredit the testimony of this witness.

Judicial review under Section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to inquiry whether there is substantial evidence on the record as a whole to support the findings of the Secretary. E. g., Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967). It is here determined that the Secretary's findings in this case are supported by substantial evidence, and are therefore conclusive. Accordingly, the judgment of the District Court should be affirmed.

Affirmed.