**Charles HARKINS, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary of Health, Education, and Welfare of the United States of America, Defendant.**

**Civ. A. No. T–4250.**

United States District Court

D. Kansas.

Oct. 1, 1968.

James L. Rose, of McCullough, Parker, Wareheim, LaBunker & Rose, Topeka, Kan., for plaintiff.

Benjamin E. Franklin, U. S. Atty., Elmer Hoge, Asst. U. S. Atty., Topeka, Kan., for defendant.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

On February 16, 1968, this Court filed its Memorandum of Decision reversing the Secretary of Health, Education, and Welfare's determination that plaintiff was not disabled within the meaning of the Social Security Act. The case was remanded to the Secretary with directions to grant plaintiff disability benefits in conformity with the Court's decision. The Court based its decision, in substance, on the proposition that the Secretary had failed to sustain the burden of showing job availability within a reasonable area which he might be expected to consider in connection with employment.

On February 29, 1968, the defendant filed a motion to set aside the Court's decision and order and to enter an order affirming defendant's decision, or in the alternative for a new trial on the ground that during the pendency of this action Congress had passed what is referred to as the "1967 Amendments to the Social Security Act." On April 1, 1968, the Court entered an order granting a new trial for the purpose of determining plaintiff's situation under the new amendments.

Plaintiff admits, as he must, that the 1967 amendments to the Act are applicable to the present action, and, therefore controlling. See Williamson v. Gardner, 395 F.2d 200 (5 Cir.1968). The amendment retains the definition of "disability" as existed prior to January 2, 1968. However, Section 223(d) (2) (A) of the Act substantially modifies the so-called "geographical test." See Reyes Robles v. Gardner, 287 F.Supp. 200, 204 (D.C. 1968). The amendment states, in pertinent part, as follows:

"(A) an individual except a widow, surviving divorced wife, or widower for purposes of Section 202(e) or (f) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

Plaintiff argues that despite the recent amendments he is nevertheless unable to engage in substantial gainful activity and must, therefore, be considered "disabled" within the meaning of the Act.

In its previous extensive Memorandum of Decision, the Court carefully reviewed the entire record and concluded that claimant had failed to sustain the burden of establishing a disability under the law prior to the 1965 amendments. The only issue remaining is whether there is substantial evidence to support the Secretary's decision that claimant was not under a disability under the 1965 amendments, subsequent to June 1, 1965.

As this Court previously stated in its memorandum, the Secretary's decision cannot be disturbed if there is substantial evidence to support his decision. "Substantial evidence has been defined as 'such relevant evidence as a rea-

sonable mind might accept as adequate to support a conclusion.'" See Gardner v. Bishop, 362 F.2d 917 (10 Cir.1966). As stated in another manner, the evidence must be such, if the trial were to a jury, to justify a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. See Underwood v. Ribicoff, 298 F.2d 850, 851 (4 Cir.1962).

Having carefully reviewed the record, the Court must conclude that there is substantial evidence to support the Secretary's decision in light of the recent amendments. A review of only the medical evidence, to a great extent uncontroverted, discloses that plaintiff could engage in at least "light" work activity. The counseling psychologist and vocational consultant, G. J. Gutknecht, submitted a report which is contained in the record specifying work requiring little physical activity which could be classified as "light work," and which exists in the national economy.

Plaintiff argues that claimant cannot engage in even "light work." The Court believes from the record that this is a question which must be resolved from the facts as contained in the record. This type of a case is never easy to resolve and often, as in the case at bar, contains conflicting testimony and evidence. But the Court is limited in its review by the succinct provisions of the Act that, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * * ." 42 U.S.C. § 405(g). Conflicts in the evidence or in reasonable inferences to be drawn therefrom is for the Secretary and not for the Court to resolve. In this connection, the Court observes that credibility determinations are likewise for the Secretary. The record clearly discloses substantial evidence to support the conclusion of the Secretary denying the application for disability benefits. See Collins v. Secretary of Health, Education, and Welfare,

286 F.Supp. 81 (W.D.Ark.1968), and Lewis v. Gardner, 396 F.2d 436 (6 Cir. 1968).

For the above reasons, the Court must conclude that the decision of the Secretary be affirmed, the motion of the defendant for summary judgment be granted, and the complaint be dismissed.

It is so ordered.