**Arthur L. PAYNE, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant.**

**No. 1802.**

United States District Court
E. D. Kentucky,
Lexington Division.

Dec. 4, 1968.

Fowler, Rouse, Measle & Bell, by Walter C. Cox, Jr., Darrell B. Hancock, Lexington, Ky., for plaintiff.

George I. Cline, U. S. Atty., Wix Unthank, Asst. U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM

SWINFORD, Chief Judge.

The plaintiff, Arthur L. Payne, brings this action under the provision of 42 U. S.C. § 405(g). He seeks a review of the Secretary's decision of July 31, 1967, which denied him disability insurance benefits under the provisions of the Social Security Act.

His application for disability insurance benefits was filed on August 10, 1966, and all proper administrative steps were taken, including a hearing on

March 24, 1967, at which the plaintiff appeared with his attorney and testified. The adverse decision of the hearing examiner, dated June 9, 1967, became the final decision of the Secretary on July 31, 1967, when the Appeals Council denied the claimant's request for review.

This action was timely filed on August 15, 1967. A certified copy of the transcript has been filed, including the evidence upon which the findings and decision complained of are based.

The record is now before the court on the defendant's motion for summary judgment.

Judicial review under 42 U.S. C. § 405(g) is limited to inquiry whether there is substantial evidence in the record as a whole to support the findings of the Secretary. Lane v. Gardner, 6 Cir., 374 F.2d 612; Walters v. Gardner, 6 Cir., 397 F.2d 89. In reviewing the record the court is not authorized to adopt findings of its own, but must accept the Secretary's findings of fact if they are supported by substantial evidence. When so supported, they are conclusive. Domanski v. Celebrezze, 6 Cir., 323 F.2d 882, 8 A.L.R.2d 687, cert. denied, 376 U.S. 958, 84 S.Ct. 980, 11 L. Ed.2d 976; Nelson v. Gardner, 6 Cir., 386 F.2d 92.

The decision of the Secretary is as follows:

"After consideration of all the evidence in this case, it is the finding of the Hearing Examiner that the claimant has not established that he was under a 'disability', under the definition of 'disability' in the Social Security Act; in that he was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which under the Law prior to July 30, 1965, could be expected to result in death or to be of long-continued and indefinite duration or under the July 1965 amendments, which provide that the claimant's impairment could be expected to result in death or have lasted for a continuous period of not less than twelve months.

It is the further decision of the Hearing Examiner that the claimant was not entitled to either disability insurance benefits under Section 223(a), or to a period of disability under Section 216(i) of the Social Security Act, for any time commencing with April 2, 1966, as alleged in his application filed on August 10, 1966, and continuing through the date hereof." (Tr—16–17)

The plaintiff is 37 years of age and has a fourth grade education. He has worked in a factory on the assembly line, as a boat dock manager and his last employment was in a tavern. He has, therefore, been employed in occupations requiring bi-manual activities and those that required only sedentary activity. (Tr—41) On April 2, 1966, he received gun shot wounds which necessitated an amputation of his right forearm, with only a small part remaining below the elbow. He testifies that he has been unable to wear an artificial arm because of the sensitive stump of the right arm.

The medical proof also reveals that he has a disease of the left hand called Dupuytren's Contracture. This disease is described by Dr. Daniel B. Stevens as follows:

"It is a non-specific inflammation of the fibrous tissues beneath the skin in the palm of the hand. This is associated in some patients as a gradual contracture of the fingers as the tissue shrinks. Mr. Payne's hand showed some thickening of the skin of the hand of the palm and thickening of nodulation formation but no significant loss of motion of the fingers." (Tr—41)

Dr. Stevens also stated that he did not think it was associated with any functional impairment at this time "though it may become an impairment in the future." (Tr—42)

There is also medical proof that the plaintiff has some impairment of his

back. This combination of impairments, of approximately 25% to the body as a whole, would preclude him from heavy manual labor, but the vocational expert, Mr. Ronald G. Hampton, testified that in his opinion the plaintiff could be gainfully employed at jobs existing in the local and national economy. (Tr—68)

While the evidence establishes an impairment, the point of contention is, as is not uncommon in cases of this nature, whether the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. Lewis v. Gardner, 6 Cir., 396 F.2d 436.

There is not a great deal of dispute in the medical testimony. He was examined by seven doctors and their evidence, with the exception of that of Dr. Max Ewart Blue, generally establishes that the plaintiff is incapable of heavy work because of some disability to his back and the obvious handicap in the loss of his right forearm by amputation. Other physical examinations were essentially normal.

A report of Dr. Blue, dated August 15, 1966, states that he examined Mr. Payne first on April 2, 1966, and that he saw him monthly until August 15, 1966. He states that the "stump is very tender" and seems slow in healing and that he has 60% disability to his back. On November 16, 1966, Dr. Blue advised the Social Security Board that the patient is "disabled for work". Again in February 1967, Dr. Blue reported in an unsigned and undated report (Tr—136–139) duplicating previous information that "in my opinion this man is entitled to some compensation for his physical condition."

■ Although the plaintiff was awarded a disability pension by the Veterans Administration, and this must be considered by the Secretary, it is not controlling. Hunley v. Cohen, D.C., 288 F.Supp. 537.

■ While it appears that the plaintiff has suffered a severe and crippling injury, yet it is not clear from the evidence that such injury permanently precludes him from substantial gainful activity. The surgeon who amputated the right arm below the elbow reported in September of 1966 that his general physical status otherwise was good. (Tr—110) Mr. Hampton, the vocational expert, quite clearly feels that there is work available to the plaintiff which he could perform. This finding is analogous to that contained in Pelcher v. Gardner, E.D.Ky., decided by the Court of Appeals for the Sixth Circuit in an unreported opinion on December 9, 1966.

This court must conclude that the record contains substantial evidence supporting the factual findings of the Secretary.

An order is entered as of this date sustaining the motion of the Secretary for summary judgment and dismissing the complaint at the cost of the plaintiff.