**William A. KUPCHELLA, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 69–1353.**

United States District Court,
W. D. Pennsylvania.

July 15, 1970.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This is an action filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), wherein plaintiff seeks judicial review of the decision of the Hearing Examiner of the Bureau of Hearings and Appeals, Social Security Administration. Plaintiff filed applications with the Bureau of Disability Insurance on April 10, 1957, October 8, 1964, and October 29, 1968 for disability insurance benefits under Section 223 and for a period of disability under Section 216(i) of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423. In each instance, the claims were disallowed. A request for hearing was filed on June 27, 1969 and, after a hearing conducted on September 10, 1969, the Hearing Examiner similarly denied plaintiff's claims. Review of the decision of the Hearing Examiner was denied by the Appeals Council, and plaintiff promptly sought review in this Court.

In response to the Complaint, defendant filed an Answer followed by a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant accompanied the Motion with a duly certified copy of the administrative record. Subsequently, counsel for the respective parties filed written briefs in support of their positions and agreed to waive oral argument upon the Motion. Upon review of the administrative record, the pleadings of counsel and the briefs submitted, the Court is compelled to grant the Motion for Summary Judgment.

Pertaining to the scope of judicial review, Section 205(g), *supra*, provides as follows:

"The Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * * *"

Under this Section and Section 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

Plaintiff is fifty-four years of age, married and the father of two children, a daughter who is married and a son who is stationed in the Army. He and his wife reside with a bachelor brother-in-law to whom he pays a rent of fifty-dollars per month. After completing one year of high school plaintiff worked in coal mines for approximately eighteen years. While employed in the coal

mines, he performed maintenance work, laid track and set up props, but did not operate machines or equipment.

An interruption in plaintiff's otherwise continual employment in the coal mines occurred in the period from 1942 to October of 1943 when plaintiff served in the United States Army. While in the Army, he served in the supply room of the combat engineers. Immediately thereafter he worked for several weeks with the Ansco Film Company employed as a laborer in a dark room and, for six months following, as a laborer in a rubber mill. He then returned to work in coal mines.

Plaintiff ceased working in the coal mines in August of 1948 and has not been employed since that time. He contends that he ceased his employment in the mines because of two debilitating conditions, an atopical dermatitis afflicting his face and body and, additionally, a visual impairment resulting from medication used in treatment of the dermatitis.

In 1959 and 1960, plaintiff completed two years of vocational training in electronic instrumentation techniques in Williamsport, Pennsylvania. His training included the repair of motors, industrial machines and electric wiring. Although attending the course regularly, he contends that he was unable to see well at that time.

The term "disability," as applicable to claims for benefits under both Sections 216(i) and 223, *supra*, is defined in Section 223(d), as amended by Section 158(b), Public Law 90–248, 81 Stat. 821 which provides in part:

"(d) (1) the term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

" *  *  *

"(2) For purposes of Paragraph (1) (A)—

"(A) an individual  *  *  * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

" *  *  *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

" *  *  *

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

" *  *  * "

■ In order to recover for a disability under Sections 216(i) and 223, *supra*, it must appear that the claimant's disability commenced at a time when claimant met the special earning requirements specified in those Sections. It is prescribed that a claimant must have no less than twenty quarters of coverage during the forty quarter period which ends with the quarter in which disability commenced. It is undisputed that plaintiff last met the special earnings requirements of the Act on December 31, 1953, and, accordingly, it was incum-

bent on plaintiff to establish that he contracted a disability, within the meaning of the Act, on or before that date.

Upon consideration of the medical and vocational evidence as well as plaintiff's own testimony at the hearing, the Hearing Examiner found as a fundamental fact that plaintiff's only existing condition on or before December 31, 1953 was an atopical dermatitis which, in of itself, did not render plaintiff disabled within the meaning of the Act. Plaintiff disputes this factual finding, asserting that the record substantiates his contention that he suffered from an additional eye ailment on or before December 31, 1953, which, coupled with the dermatitis, rendered him then disabled.

The earliest medical evidence of record, and only medical report in evidence made within the period prior to and inclusive of December 31, 1953, is a summary of plaintiff's admission to a Veterans Administration Hospital on June 15, 1953 for treatment of an atopical dermatitis. The summary characterized plaintiff's condition as extensive scaling dermatitis of the face, neck and hands. Plaintiff was found to have responded gradually but progressively to treatment in the hospital, and it was expected that he would progress well outside of the hospital upon the continuation of an allergy diet, application of boric acid ointment and the avoidance of dust and other inhalants.

Two observations in the summary qualified the prognosis, however. Referring to prior admissions of the plaintiff for the same condition, the physician writing the summary observed that plaintiff customarily had failed to follow recommendations for treatment and, moreover, aggravated his condition by scratching. Plaintiff's industrial adaptability was stated as good from a medical standpoint, but it was specifically observed that a lack of motivation on the part of plaintiff limited this evaluation.

Nowhere in the hospital summary is there mention of an eye condition or visual impairment existing at or prior to the time of hospitalization. The first reference to such a condition is to be found in reports of plaintiff's opthalmologist dated April 3, 1959 and April 11, 1959, which characterized an observed condition as bilateral keratoconus—raised corneas in both eyes—and suggested as a possible cause plaintiff's prior treatment with steroids. In the report of April 11, 1959, there was observed less irritation than on prior examination. No corneal transplant was deemed advisable at that time, however.

The continuing existence of the visual condition of bilateral keratoconus was confirmed by the medical report of plaintiff's dermatologist on November 9, 1964 and his letter of October 3, 1969. The report of November 9, 1964 indicates that said dermatologist treated plaintiff for atopical dermatitis as early as September 9, 1953, but no statement is made as to the onset of the visual impairment. The continuation of the visual impairment also was noted in a letter dated May 27, 1959 from plaintiff's opthalmologist to an internist caring for plaintiff.

Under the special earnings requirements of the Act, it was incumbent upon plaintiff to establish the existence of his visual impairment on or before December 31, 1953. The only evidence so proffered by plaintiff was his own testimony as to symptomatic complaints and a letter dated May 27, 1959 from plaintiff's opthalmologist to his internist. It was plaintiff's own testimony that his vision began to bother him early in 1947 and 1948, that he then had difficulty driving, that he mentioned his eyes were bothering him while in the Veterans Administration Hospital in 1953, but that the attending physicians there never treated or demonstrated concern for the condition. The letter dated May 27, 1959 from plaintiff's opthalmologist to his internist stated generally, "We have been following your United Mine Worker patient, Mr. William A. Kupchella, since his discharge from the hospital. His eyes have not changed."

In the light of the conspicuous absence of reference to any visual impairment in the summary of plaintiff's admission to the Veterans Administration Hospital on June 15, 1953 and on the basis of the other evidence before him, the Hearing Examiner found that plaintiff had failed to meet his burden of establishing the existence of any ailment other than atopical dermatitis on or before December 31, 1953, the last date upon which plaintiff met the special earnings requirements of the Act.

In discounting plaintiff's own testimony to the contrary, the Hearing Examiner relied, in part, upon Section 404.-1501(c) of Social Security Regulations No. 4, 20 C.F.R. § 404.1501(c), which provides:

"A physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. Statements of the applicant, including his own description of his impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment."

Impliedly, the Hearing Examiner also discounted as insufficient and inconsistent with other medical evidence the general and retrospective observation of plaintiff's opthalmologist, in his letter to plaintiff's internist dated May 27, 1959, that the condition of plaintiff's eyes had existed unchanged since his discharge from the Veterans Administration Hospital on July 2, 1953.

▐ The finding of the Hearing Examiner that plaintiff failed to meet his burden of proving the existence of a visual impairment on or before the date upon which he last met the special earnings requirements of the Act is supported by the administrative record and must be affirmed. Plaintiff failed to establish a visual impairment "demonstrable by medically acceptable clinical and laboratory diagnostic techniques" during the requisite period. Section 223(d) (3) *supra*, and Social Security Reg. No. 4, Section 404.1501(c), *supra*. In weighing the balance of the credible evidence, the Hearing Examiner was not required to accept the personal statements of the applicant as to the onset of the visual impairment, absent substantial medical evidence supporting those statements.

The vocational expert called on behalf of the Secretary testified that, at the time when plaintiff last met the earning requirements of the Act, there was available to him light work which required little physical exertion[1] and which could be found in an environment free of dust, fumes and other possible irritants to his skin. Specifically enumerated were the jobs of timekeeper, lot boy, expediter, service clerk and hospital attendant. In rendering this judgment, the vocational expert proceeded upon the assumption that plaintiff's visual acuity in December of 1953 was reasonably good and that plaintiff's then existing impairment was the atopical dermatitis diagnosed upon admission to the Veterans Administration Hospital in 1953. This assumption was consistent with the medical evidence of record.

There was, therefore, substantial evidence to support the findings of the Hearing Examiner that plaintiff's impairment at the time when he last met the special earning requirements of the Act, an atopical dermatitis, did not preclude his engaging in substantial gainful activity in an atmosphere free of dust, chemicals or other irritants.

▐ Although plaintiff was receiving a service connected disability pension from the Veterans Administration on or before December 31, 1953, the requirements of the Veterans Administration differ from the requirements of the Social Security Administration with respect to the establishment of disability, and a finding of disability by the Veter-

---

1. There was evidence that increased physical exertion resulting in perspiration aggravated plaintiff's atopical dermatitis.

ans Administration is not binding on the Secretary. Gee v. Celebrezze, 355 F.2d 849 (7th Cir. 1966); Payne v. Cohen, 293 F.Supp. 48 (E.D.Ky.1968); Ferrell v. Gardner, 260 F.Supp. 996 (S.D.W.Va. 1966).

In accordance with the foregoing, the Court concludes that defendant's Motion for Summary Judgment should be granted. An appropriate Order is entered.