**Berlin N. FRYE, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 71–C–6–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

July 23, 1971.

Perry W. Sarver, Woodstock, Va., and David J. Hatmaker, Harrisonburg, Va., for plaintiff.

William G. Davis, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

This action involves the plaintiff's effort to set aside the defendant's denial of Social Security benefits.

On June 10, 1969, the claimant filed an application for disability insurance benefits pursuant to Sections 216(i) and 223(a) of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423(a). This claim was denied on August 1, 1969 by the Bureau of Disability Insurance, and the claimant subsequently requested a reconsideration on August 4, 1969. This request was denied, and the plaintiff was so informed on October 20, 1969. On March 30, 1970, the plaintiff filed a request for a hearing on his claim because he disagreed with the prior determinations. A hearing was held in Winchester, Virginia on July 2, 1970, and the decision of the hearing examiner dated August 31, 1970 was that the claimant was not entitled to a period of disability or to disability insurance benefits under the Social Security Act. On October 31, 1970, the plaintiff filed a request for a review of the hearing examiner's action; however, the Appeals Council, finding that the decision of the examiner was correct, denied the request. This matter now comes to the attention of this court pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review the final decision of the Secretary of Health, Education and Welfare.

The record reveals that the plaintiff was born on February 23, 1923 in Crossroads, Virginia and attended school through the fourth grade. He testified that he can read but that he cannot write. He lives with his wife, who works full time, and his children in Mt. Jackson, Virginia. Examination of the plaintiff's work history shows that he has worked in apple orchards, at gas stations, and for the twelve years preceding the date when he stopped work, he was self-employed as a body and fender repairman.

In December of 1968, the claimant started having pains in his back and legs, which he stated he had thought was arthritis. He consulted his personal physician, Dr. Garland J. Wampler, of Mt. Jackson, concerning his ailments, but Dr. Wampler was unable to relieve the pain. The claimant then went to the University of Virginia Hospital in Charlottesville where he was examined by Dr. Melville P. Roberts of the Department of Neurological Surgery. Dr. Roberts diagnosed the plaintiff's impairment as a ruptured lumbar disc. On May 7, 1969, a partial hemilaminectomy was performed, and a disc was removed from the claimant's spine. The claimant was released on May 13, 1969. On August 11, 1969, the claimant returned to the University Hospital and was seen by Dr. J. de D. Martinez, who reported that the plaintiff had no more leg pain and was getting along well. Dr. Martinez advised the claimant that he would be unable to return to his body repair work, but that he recommended that the plaintiff should do some work as soon as possible. On June 9, 1970, the claimant was hospitalized for several days in the Rockingham Memorial Hospital in Harrisonburg, Virginia with high blood pressure.

Under the earnings requirement test for disability insurance benefits, the claimant is eligible until at least December 31, 1973; however, the question upon which this court must focus in reviewing the Secretary's final decision is whether the claimant was disabled within the meaning of the Act on or before July 2, 1970, the date on which the hearing was conducted. The standard which is to be applied in making this determination is set forth in Section 223(d) (1) (A) of the Social Security Act, 42 U.S.C.A.

§ 423(d) (1) (A), which defines disability as an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

This section is further explained and clarified in Section 223(d) (2) of the Act, 42 U.S.C.A. § 423(d) (2), which provides that

> an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only *unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.* For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. (Emphasis added)

There is no doubt that the plaintiff suffers from an impairment of his back which prevents strenuous physical labor; however, it must be shown by the claimant that the impairment is of such severity as to preclude him from engaging in substantial gainful employment. Lewis v. Gardner, 396 F.2d 436, 437 (6th Cir. 1968); Gotshaw v. Ribicoff, 307 F.2d 840, 843 (4th Cir. 1962). Section 223(d) (2), appearing above, states that " 'work which exists in the national economy' means work which exists in significant numbers either in the region where such

individual lives or in several regions of the country."

At the hearing conducted on July 2, 1970, Dr. Daniel Sinick, a qualified vocational expert, appeared and stated that, based on his experience in placing individuals with back ailments similar to that of the claimant's, there were in existence in the claimant's region a significant number of jobs which the claimant would be capable of performing. Specifically, he suggested such jobs as basket cutter, basket filler in the fruit industry, mixing machine operator in the canning industry, ticketer, handcutter and button machine operator in the clothing industry, and many other jobs in the plastics industry, rubber goods assembler, dryer man, dryer tender, packing line worker and hand shaper. All of these jobs would have required only a minimum of education and skill and very little physical exertion. In addition, Dr. Sinick suggested such jobs as parking lot attendant and service station attendant. The record further contains copies of six letters from businessmen in the Mt. Jackson area, all stating that they could not hire the claimant because of his back ailment. However, this evidence is of little significance to this court, because all of the jobs for which these letters were written were of a nature which would require strenuous exertion which the claimant knew he could not perform. Furthermore, the issue is not whether there are jobs, but whether or not the claimant is capable of performing jobs which exist in his area or in other regions of the country. It is the opinion of this court that the Secretary's finding that the claimant is not disabled within the meaning of the Act is supported by substantial evidence, which includes not only the report of Dr. Sinick, but also the report of Dr. Martinez, the claimant's own physician, at the University Hospital.

For the reasons given above the defendant's motion for summary judgment is hereby granted, and the plaintiff's prayer for relief is denied.